In the Matter of ELIANNE M. and Another, Children Alleged to be Neglected. STEPHANIE B., Respondent; NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES, Appellant.

First Department, December 22, 1992

### APPEARANCES OF COUNSEL

*Kathleen Alberton* of counsel *(Stephen J. McGrath* with her on the brief; *O. Peter Sherwood, Corporation Counsel,* attorney), for appellant.

*David Bolton* of counsel *(Charles G. Moerdler* and *Lauren B. Abramson* with him on the brief; *Gaffin & Mayo, P. C.,* and *Stroock & Stroock & Lavan,* attorneys), for respondent.

*Sue B. Levy, Law Guardian,* for Elianne M.

### OPINION OF THE COURT

SULLIVAN, J. P.

The record in this neglect proceeding reflects that at the outset, the respondent mother requested that Elianne, 14 years of age and raised as an observant Jew, be placed with a Jewish agency or family during the pendency of the proceeding.* Instead, the child was placed in a non-Jewish home under the auspices of a Christian agency.

Whenever a child is committed to an agency, "such commitment shall be made, when practicable, to an authorized agency under the control of persons of the same religious faith as that of the child." (Social Services Law § 373 [1].) Family Court Act § 116 (a) and 18 NYCRR 441.11 (c) are to the same effect. In addition, Family Court Act § 116 (b) provides that the placement of "any child thus committed * * * must, when practicable, be with or in the custody of a person or persons of the same religious faith or persuasion as that of the child." These statutory and regulatory requirements are not satisfied by commitment to an agency under the control of persons of another faith and by placement with a person of another faith who expresses a willingness to or indeed does attempt to preserve and protect the faith of the child.

In any event, the record supports Family Court's conclusion

---

* Such a request, although not paramount, is of greater significance in temporary placements such as this than in permanent placements such as adoption. *(Matter of Efrain C.,* 63 Misc 2d 1019, 1027.)

that the child's faith is not being preserved and protected in the non-Jewish foster home in which she is currently placed; in addition, we find that a transfer is in Elianne's best interest. *(See,* Social Services Law § 373 [7]; Family Ct Act § 116 [g]; *see also, Matter of Dickens v Ernesto,* 30 NY2d 61, 64-65.) While the foster mother in the instant case has made some effort to preserve and foster Elianne's religious upbringing, the Family Court was understandably troubled by misinformation supplied to it by the caseworker in that regard. In fact, the agency to which Elianne had been temporarily remanded never fulfilled its obligation to provide the foster family with the details and requirements of her religious observance. Notably, the absence in this record of any specifics concerning Elianne's religious observance and instruction in foster care supports Family Court's finding that her religious faith was not being preserved and protected.

It is also significant that one of Elianne's therapists testified, and her Law Guardian represented, that Elianne would have had no objection to a transfer to a Jewish home had it been made at an earlier time. Significantly, the therapist was of the opinion that although it would be preferable to avoid a change in placement, Elianne was a resilient child who would adapt to the proposed transfer. Apparently, her resistance to such a transfer at this time may well be grounded, in large part, in resentment towards her mother. In this regard, Family Court was careful to note that its decision did not signify that the child would be any more accessible to the respondent mother in a new home than at present, and, indeed, explicitly directed that respondent have no direct contact with Elianne, her new home or the new agency.

Accordingly, the order of the Family Court, Bronx County (Cira Martinez, J.), entered September 24, 1992, which directed the immediate transfer of the child Elianne M. from her current placement to an agency under the control of persons of the Jewish faith, should be affirmed, without costs or disbursements.

MILONAS, WALLACH and ASCH, JJ., concur.

Order of the Family Court, Bronx County, entered September 24, 1992, which directed the immediate transfer of the child Elianne M. from her current placement to an agency under the control of persons of the Jewish faith, is affirmed, without costs or disbursements.